## HILTON V. ADVANCE THRESHER CO.

1. Where the trial court was neither called upon to decide, as a matter of law, that an offer to rescind was made too late, nor to submit the question to a jury, a holding that such offer was made with sufficient promptness will not be disturbed, in the absence of an available exception thereto.

2. Whether a tender to an agent authorized, under the statute, to accept service of process, is equivalent to a tender to his principal, is a question not properly before us.

3. An action to rescind a contract may be brought at any time within the statutory limitation, by one who offered to rescind in the manner provided by statute, and with reasonable promptness after the discovery of facts which entitled him to a rescission.

4. In the absence of evidence to the contrary, the authority of a managing agent of a nonresident corporation to execute in the name of his principal, a release and discharge of a chattel mortgage, will be presumed.

5. Where the right to rescind is based upon the wrongful act of one of the parties to a contract by reason of which the consideration has failed in whole or in part, inability to restore such party to his former condition, when occasioned solely by such wrongful act, is not alone sufficient to defeat an action to rescind such contract and recover the consideration paid thereunder.

(Opinion filed April 7, 1896.)

Appeal from circuit court, Lake county    Hon. JOSEPH W. JONES, Judge.

Action by Daniel L. Hilton against the Advance Thresher Company. Plaintiff had judgment, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Bailey & Voorhees,* for appellant.

The complaint does not state facts sufficient to constitute a cause of action, and it appears that respondent waited an unreasonable length of time before attempting to rescind the alleged contract for the purchase of the notes, no excuse for such delay being either pleaded or proven.    Kingsley v. Wallis, 14 Me. 57; Gatling v. Newell, 9 Ind. 572; Rosenfield v. Swenson, 45 Minn. 190; Barfield v. Price, 40 Cal. 535; William v. Ketchum, 21 Wis. 438; Fisher v. Wilson, 18 Ind. 133; Central Park v. Pindar, 46 Barb. 467; Gould v. Bank, 86 N. Y. 75.    A tender to an agent authorized under the statute to accept service of process, does not constitute a tender to his principal.    People v. Nash, 1 Idaho, 210; 3 Bl. Comm. 279; 19 Am. & Eng. Ency. Law, 222; Hana v. Russell, 12 Minn. 80; Comet C. Min. Co. v. Frost, 26 Pac. 506; Gilmer v. Bird, 15 Fla. 410; Bailey v. Williams, 6 Oregon 71; Porter v. Vandercook, 11 Wis. 70.    Respondent never having offered to replace appellant in the same

position in which it was prior to the alleged transaction, cannot maintain this action. §§ 3588-3591 Comp. Laws; Central Bank v. Pindar, 46 Barb. 467; Gould v. Bank, 86 N. Y. 75; Hunt v. Silk, 5 East. 449; Doughten v. Camden Bld. & L. As'sn, 41 N. J. E. 556; Gay v. Alter, 102 U. S. 79; Fratt v. Fiske, 17 Cal. 380; Burge v. R. R. Co., 32 Iowa 101; Rynear v. Neilin, 3 G. Green, 310; Shaeffer v. Sleade, 7 Blackf. 178; Moore v. Bare, 11 Iowa 198; Shaw v. Barnhart, 17 Ind. 183; Grant v. Law, 29 Wis. 99; Fisher v. Wilson, 18 Ind. 133; Williams v. Ketchum, 21 Wis. 438; Bailey v. Fox, 78 Cal. 389. Where an instrument is executed by an attorney in fact it must be executed in the name of the principal. Elwell v. Shaw, 16 Mass. 42; O'Neil v. Douthitt, 40 Kan. 689; Wells v. Evans, 20 Wend. 251; Lessee of Clarke v. Courtney, 5 Pet. 319. Where an agent or attorney releases a mortgage his authority so to do must be shown, and the burden of proof is upon the party attempting to sustain the validity of the satisfaction. Morgan v. Hills, 22 N. Y. S. 982; Foster v. Paine, 63 Iowa 85; S. C., 56 Iowa 622.

*Farmer & Farmer*, for respondent.

Cited: Clark v. Wheeling Steel Wks., 53 Fed. 494; § 3462, Comp. Laws; Hall v. Calland, 60 N. Y. 235; § 3591, Comp. Laws; Elder v. Roley, 15 Wend. 219; Colman v. Van Rensseler, 44 How. Pr. 368; Jones v. Terk, 33 Iowa 246; Sterling v. Rogers, 5 Wend. 658.

Fuller, J. Plaintiff, in his complaint, alleges, among other things, that on or about the 23d day of December, 1891, he purchased from the defendant two promissory notes, of $200 each, executed by L. C. and H. O. Bangs, which were amply secured by a chattel mortgage filed in the office of the register of deeds on the 9th day of October, 1890; that as consideration for said notes, and an agreement on the part of defendant to execute an assignment of said mortgage, and file the same in the office of the register of deeds, plaintiff paid to defendant

$419.72; that defendant has at all times failed and neglected to assign said mortgage, but on the contrary, and on the 18th day of January, 1892, in violation of its agreement, said defendant wrongfully and fraudulently caused to be executed, in the usual form, a release thereof, by which said mortgage was discharged from the files of the register of deeds on the 1st day of February, 1892; that the makers of said notes, no part of which has been paid, are and were insolvent; and that, in the purchase thereof, plaintiff relied wholly on the chattel mortgage by which they were secured, and thereafter confidently believed that defendant had executed, and caused to be filed, an assignment thereof, until the 9th day of September, 1892, when, by taking steps towards the foreclosure of the mortgage, he learned that the same had been by defendant discharged from the files, and that the mortgagors had in the meantime sold and transferred all of the property described in said mortgage to *bona fide* purchasers, having no knowledge or notice of the existence of a mortgage thereon. The complaint concludes as follows: "That said plaintiff has at divers times prior to the commencement of this action, and especially on the 22d day of June, 1893, offered to return said notes to defendant, and does now offer to deliver and return to defendant said notes at any place it may designate, and brings the same to this court with the offer to deliver the same to defendant. The plaintiff further says that by reason of the promises aforesaid, and the failure of the defendant to perform its said agreement and promises aforesaid, and file its satisfaction and release of said chattel mortgage as aforesaid, plaintiff has sustained damages in the sum four hundred and nineteen and 92-100 dollars, and interest thereon from January 1, 1892, at the rate of eight per cent per annum. Wherefore plaintiff demands judgment against the defendant for the sum of $419.92, and interest thereon from January 1, 1892, at the rate of eight per cent per annum, and the costs and disbursements of this action." The answer of defendant put in issue all the material allegations of

the complaint, and the evidence offered and received at the trial was submitted to a jury under instructions by the court, to which no exception was taken sufficient to present for review anything therein contained which might have been urged as error.  This appeal is by the defendant from a judgment rendered upon a verdict in plaintiff's favor for the full amount claimed, and from an order overruling a motion for a new trial.

The theory of the defense, under which testimony was offered tending to prove the transactions between respondent and appellant to be a payment of the amount due, in satisfaction of the notes, instead of a purchase thereof, being, upon clearly conflicting evidence, submitted to and rejected by the jury, its verdict upon that point, which is found, from a careful examination of the record, to be substantially supported, cannot be disturbed.  While it is quite clear that the property included in the mortgage, and in the hands of the mortgagors at the time their notes were purchased, was amply sufficient to pay the amount secured thereby, and that said notes were rendered practically worthless by the discharge of the mortgage from record, and a subsequent sale of the horses described therein, counsel for defendant say that respondent is not entitled to resind the contract, because he has neither acted promptly in the matter, nor offered to restore the notes to any one authorized to receive the same.  The court was neither called upon to decide, as a matter of law, that the offer to resind was made too late, nor to submit the question to the jury; and there is no available exception to the court's charge, wherein it is, in effect, held that the offer to resind was made with sufficient promptness.  Although it appears from the recitals of the complaint that respondent, after discovering that the mortgage had been released, waited about nine months before offering to resind, and that no facts tending to excuse such delay are averred therein, counsel's objection to the introduction of any evidence thereunder, because "the alleged offer was discovered by plaintiff upon the 9th day of December, 1892,

and that this action was not commenced until January 21, 1893, and there are no facts in the complaint which tend to explain the delay in bringing the action," was properly overruled, because, if the offer to rescind was promptly made when discovered, the action could be brought at any time within the statutory limitation.

Counsel's contention that the release filed immediately upon the receipt of the money, and delivery of the notes to respondent, was insufficient to operate as a discharge of the mortgage, cannot be entertained with favor. The instrument is in the usual form, executed in the name of the mortgagee, a corporation, and signed and acknowledged by the manager thereof. As managing agent, his authority will be presumed, in the absence of anything to the contrary. Chapter 83 of the Laws of 1891 authorizes the mortgagee, his assignee or agent, to release from record, and satisfy, a chattel mortgage, whenever the debt to secure which the same was executed has been paid, and requires the same to be done within 30 days thereafter. Under the statute, authorities which relate to the discharge and satisfaction of instruments under seal have no application to a chattel mortgage. It appears from the evidence that respondent was not advised of the release of the mortgage until the 9th day of September, 1892, when, upon inquiry, he learned the fact, and that a large portion of the property had been taken, since the discharge thereof, to West Superior, and sold by one of the mortgagors, rendering the notes under consideration, in the hands of respondent, of little or no value. It further appears that appellant afterwards, and at respondent's request, refiled said mortgage, and a fruitless effort was made to find the property described therein, and to collect from the mortgagors the money due upon the notes described in the complaint; that on the 22nd day of June, 1893, respondent tendered said notes to J. S. Mason, who, it is conceded, was the authorized agent of appellant to accept service of process, under the statute, and from whom he demanded a return of the

money received therefor, and by whom said tender and demand were refused. As respondent at the trial made an offer to return the notes, and thereby restore all that he had received for the money sought to be recovered, we are not called upon, under the present condition of the record, to determine whether a tender to Mason was equivalent to a tender to appellant.

From all the facts and circumstances in the case, we are disposed to conclude that respondent's inability to place appellant in the same condition that it occupied at the time the notes were purchased was due entirely to the act of the latter, in wrongfully releasing the mortgage, instead of assigning the same as agreed upon. The right to rescind is based upon the act of appellant in causing the mortgage to be released, and some time after the fact was discovered seems to have been necessarily spent in a correspondence with appellant, which resulted in a refiling of the mortgage. Afterward an unsuccessful effort was made to collect the money due on the notes from the makers thereof. Had these notes been collectible, or the mortgagees ready and willing to promptly pay the amount thereof, no injury would have resulted from the release of the mortgage; and, in order to entitle respondent to rescind, he must ascertain, and be able to show at the trial, that by reason of the act complained of, and through the fault of appellant, the consideration had failed in whole or in part. Comp. Laws, Sec. 3589, Subd. 2. Under the circumstances, and upon the record as presented, we cannot say, as a matter of law, that respondent did not proceed with reasonable diligence. Finding no reversible error in the record, further discussion is unnecessary. The judgment is affirmed.