A. I. HALE et al. v ANNA KOBBERT et al., Appellants.

**Rescision:** FOR INSANITY. Where the court finds that a person contracting was of unsound mind, and incapable of exercising sufficient judgment to properly care for his own interests, and also finds that the consideration for the contract was grossly 1 inadequate, such finding warrants the rescision of the contract.

RESTORING TO STATUS QUO. Where one has traded for lands, and is entitled to a rescission of the contract because of insanity, but a 2 portion of the lands for which he traded had meanwhile been washed away by a return of the river to an old channel which adjoined and to which the river was liable at any time to return, a rescission will be decreed though complete restoration cannot be made.

*Appeal from Mills District Court.*—HON. N. W. MACY, Judge.

FRIDAY, OCTOBER 6, 1899.

THE plaintiffs are the widow and children of one Mark Hale. During his lifetime, Hale was the owner of a farm of one hundred and forty-nine acres in Mills county, and the defendant Anna Kobbert owned a tract, originally of eighty acres, of Missouri river bottom land in the same county. On March 3, 1898, Hale traded his farm for the Kobbert land, receiving a note for five hundred dollars as additional consideration. On June 10, 1898, on proper proceedings had, a guardian was appointed for Hale, as a person of unsound mind. The guardian at once instituted this action to rescind said trade and procure a reconveyance of the land, tendering at the same time a deed to defendants for the eighty acre tract. The grounds for this action were (1) that Hale at the time of the transaction was of unsound mind, and incapable of guarding his own interests; (2) gross inadequacy of con-

sideration. Before trial was had, Hale died, and the present plaintiffs were substituted for the guardian. The answer puts in issue Hale's mental incompetency and the value of the consideration received by him, and charges that, since the conveyance to Hale of the eighty acres, that tract has been cut into and so far washed away by the Missouri river that it has been rendered almost worthless, and therefore defendants cannot be placed in *statu quo*. There was a trial to the court upon the issues, and a decree for plaintiffs. Defendants appeal.—*Affirmed.*

*Flickinger Bros.* for appellants.

*P. P. Kelly* and *John Y. Stone* for appellees.

WATERMAN, J.—We shall content ourselves with giving conclusions only, so far as concerns the matters of fact in dispute. That the trade was made, and for the consideration charged in the petition, is not controverted. We find that at this time Hale was of unsound mind, and incapable of justly appreciating or guarding his own interests, that the consideration he received for his land was grossly inadequate, that advantage was taken of him, and that plaintiffs are entitled to a rescission of the contract. Mere weakness of intellect on the part of the grantor will not, alone, authorize the setting aside of his conveyance; but where this is coupled, as here, with gross inadequacy of consideration, the courts will interfere. *Oakey v. Ritchie,* 69 Iowa, 69; Waite Fraudulent Conveyances, section 462.

II. We next inquire as to the merit of the claim that this right may not be enforced because the defendants cannot be placed in *statu quo*. The eighty-acre tract conveyed by defendants to Hale was situated upon the bank of the Missouri river. At the time of the trade the channel of the stream, as it then flowed, was about one mile distant from the land; but previously the river had washed away a part of this

tract, some four or five acres in extent, and after the trade the shifting current was again turned against the land, with the result that thirty or forty acres more were taken and carried away. Because of this loss of land, occurring after the title was vested in Hale, it is thought that his rights, if any he has, cannot be enforced in this action, for he cannot restore the property as he received it. The general rule is that one must restore, or offer to restore, the consideration received, before equity will grant relief through rescission of a contract. But this rule has some exceptions. To enforce it in all cases strictly according to its terms would work great injustice at times. Restoration in full may, as in the case at bar, be impossible, without fault on the part of the person seeking rescission. Where the property is perishable, and lost despite the care of the holder, or when it is lost in whole or in part through some inherent defect that existed at the time of its conveyance, the grantee is called upon to restore only what he can. *Neblett v. McFarland,* 92 United States 101; *Masson v. Bovet,* 1 Denio, 69; *Henninger v. Heald,* 51 N. J. Eq. 74 (26 Atl. Rep. 449), *Strodder v. Granite Co.,* 99 Ga. 595 (27 S. E. Rep. 174); *Hilton v. Thresher Co.,* 8 S. D. 412 (66 N. W. Rep. 816); *Wright v. Dickinson,* 67 Mich. 580 (35 N. W. Rep. 164). Here the agency by which this land was destroyed existed when the trade was made. It then menaced the land with loss, for, although the stream was at that particular time at some distance, its treacherous character was well known, and the land lay upon the border of its recent bed. The tender of a deed by plaintiffs was sufficient, under the circumstances.— AFFIRMED.