MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. J. L. HOUSE.

Decided October 14, 1908.

**1.—Appeal—Sufficiency of Evidence.**

The verdict and judgment can not be attacked on appeal because against the preponderance of evidence unless the point was made in the court below on motion for new trial.

**2.—Charge—Carriers of Live Stock.**

An instruction relieving the carrier from liability for damages to cattle in transportation if there was no delay was properly refused where the issue of damage by unloading in muddy pens was also involved.

**3.—Charge.**

An instruction not to allow plaintiff for a certain one of the elements of damage claimed can not be taken as a direction to allow the others.

Appeal from the County Court of Waller County. Tried below before Hon. J. D. Harvey.

*Lane, Jackson, Kelley & Wolters* and *Charles A. Warnken,* for appellant.

*A. G. Lipscomb* and *W. J. Poole,* for appellees.

KEY, ASSOCIATE JUSTICE.—J. L. House brought this suit against the Missouri, Kansas & Texas Railway Company of Texas, and the Houston & Texas Central Railroad Company, for damages alleged to have been sustained on account of delay and injury to six cars of cattle, shipped from Hockley, Texas, to Kansas City, Missouri, and diverted to East St. Louis, Ill.

Upon trial in the court below the judge instructed a verdict for the Houston & Texas Central Railroad Company, and submitted the case to the jury as between the plaintiff and the other defendant. The verdict and judgment went for the plaintiff, and the losing defendant has appealed.

The first assignment of error assails the verdict and judgment as being against the preponderance of the evidence. Appellant made no complaint against the verdict in the court below, and for that reason must be held to have waived that point in this court. That question is so well settled in this State that it is not deemed necessary to cite the authorities.

The second assignment complains of the refusal of a requested instruction which would have directed the jury to find for the defendant if they believed from the testimony that defendant could not have run the train carrying the plaintiff's cattle from Muskogee to the National Stock Yards in East St. Louis in twenty-eight hours. The charge in question was properly refused for two reasons: First, appellant's road did not extend all the way to the National Stock Yards in East St. Louis; and second, it related alone to the question of delay, and directed a finding for the defendant if the jury found in its favor upon that issue, while the plead-

ings and evidence presented the issue of injury to the cattle by unloading and holding them in a muddy pen.

Among other things, the court instructed the jury as follows: "You are charged not to allow plaintiff the six dollars claimed in his petition for feed bought at Sedalia in making up your verdict." This charge is complained of as being upon the weight of evidence, the contention being that it intimates to the jury that they should find for the plaintiff everything claimed by him except the six dollars referred to. The objection urged is hypercritical and without merit. The charge complained of is in appellant's favor, and is not susceptible of the construction urged against it.

The other two assignments criticise the court's charge, the contention being that the evidence did not authorize the submission of certain questions to the jury. Our reading of the statement of facts leads us to a different conclusion, and the assignments referred to are overruled.

No reversible error has been pointed out, and the judgment is affirmed.

*Affirmed.*