MARTHA CAMPBELL, Appellee, v. C. R. MOOREHOUSE, GAR BOLSTER, WM. WEHRHEIM, BERTHA WADDELL and HIRAM WADDELL, Appellants.

**Exchange of property:** RESCISSION: EQUITABLE RELIEF: EVIDENCE. A party who is entitled to rescind an executed contract for the exchange of lands may have a judgment for a reconveyance of the land, or for its value, conditioned on a reconveyance of the land received by him free from incumbrance; but courts of equity are not bound by any fixed rule and may adopt such relief as is suited to the particular circumstances: as in the instant case plaintiff is awarded judgment for the value of the land conveyed by her less the amount of incumbrance placed upon the land received,

and defendants are awarded a reconveyance of their land subject to the incumbrance.

*Appeal from Wright District Court.*—HON. R. M. WRIGHT, Judge.

THURSDAY, MARCH 11, 1909.

SUIT in equity to rescind a contract for the sale of real estate; to recover the property conveyed by plaintiff to defendant Wehrheim; and for other equitable relief. Defendant Moorehouse was not served with notice; defendant Bolster filed a general denial; and defendant Wehrheim filed a separate answer, as did defendants Waddell. Upon the issues joined the case was tried to the court resulting in a judgment against defendants Wehrheim and Bolster for the sum of $1,325 and costs. The defendant Bertha Waddell was found to be a good-faith purchaser of the property conveyed to Wehrheim, and no relief was granted against her. Defendants Wehrheim and Bolster appeal.—*Modified* and *remanded.*

*Sylvester Flynn,* for appellant Wehrheim.

*J. W. Henneberry,* for appellant Bolster.

*Eugene Schaffter,* for appellee Waddell.

*McGrath & Archerd,* for plaintiff, appellee.

DEEMER, J.—About August 15th of the year 1906, plaintiff entered into a contract with defendant Wehrheim for the exchange of two lots, a dwelling house, and other improvements connected therewith, situated in Eagle Grove, Iowa, and then owned by her, for the northeast quarter of the northwest quarter of a certain section of land in Kossuth County which he (Wehrheim) then

claimed to own, but which, in fact, did not belong to him, although he almost immediately after the exchange was agreed upon did acquire from the defendant Moorehouse, paying him the sum of $400 therefor. The valuation of each property was fixed at $1,800, and plaintiff agreed to deed her property free and clear of all incumbrances. As a matter of fact there was a $325 mortgage on the Eagle Grove property held by a relative of plaintiff, which it was agreed should be removed from the property and transferred to the Kossuth County land as soon as the trade was consummated. This was done after plaintiff got the deed to the Kossuth County land, and the mortgage amounted, as we understand it, to $336.95. Not long thereafter plaintiff discovered that she had been egregiously defrauded by defendants Wehrheim and Bolster (the latter being connected with Wehrheim in the matter), and she immediately served a written notice of rescission upon them, demanded a deed for the Eagle Grove property, offered to procure a release of the mortgage placed by her upon the Kossuth County land, and to make a deed back to Wehrheim for the said land. As we understand it this latter deed accompanied the notice of rescission. Defendants refused to reconvey, and this action was then brought by plaintiff to secure a reconveyance of her Eagle Grove property, or, if that could not be had, that she be given judgment for the sum of $1,800 and other equitable relief. Thereafter she filed an amendment to her petition, making the Waddells parties defendant, and omitting the name of Moorehouse, in which she asked practically the same relief—that the conveyance by Wehrheim to the Waddells be set aside, and that, in the event that could not be done, she have judgment against Wehrheim and Bolster for the sum of $1,800 and other equitable relief. In her substituted petition plaintiff made the following allegations: "That plaintiff did not learn the real character of said land until about the middle of March, 1907,

whereupon she immediately tendered to Wm. Wehrheim a deed for said land in Kossuth County and demanded a reconveyance of the property which she had conveyed to him; that this demand was refused by said Wehrheim; that plaintiff has heretofore tendered into this court a deed for the use of said Wehrheim for said land, and plaintiff states that she is still willing to deliver said deed to Wehrheim and still keeps said tender good; that Exhibit C hereto attached is a copy of the notice of rescission. Plaintiff states that, at the time of making the contract herein referred to, there was a mortgage of $350 upon her Eagle Grove property; that the contract required her to convey the property free from incumbrance; that, in order to do so, plaintiff removed said mortgage from the Eagle Grove property and placed it on the Kossuth County land; that plaintiff now offers to do equity with reference to said mortgage." She also asked in her prayer for an accounting of the rents and profits. Defendants Bolster and Wehrheim each filed answers denying generally, and defendants Waddell claimed to be good-faith purchasers of the Eagle Grove property from Wehrheim for value, and without notice of the fraud. The trial court found that no relief could be had against defendants Waddell, but rendered personal judgment against Bolster and Wehrheim.

Plaintiff has not appealed, and defendants Wehrheim and Bolster on their appeal do not question the finding of the trial court that they were guilty of fraud nor deny that the plaintiff was justified in rescinding the contract on account thereof. Their complaints are that the personal judgment was in too large a sum, and they also contend that the decree is erroneous because it did not order a reconveyance of the Kossuth County property to them free and clear of all incumbrance. They say in argument that, as plaintiff rescinded the contract for fraud, all that she is entitled to under this record is judgment

for the value of her Eagle Grove property, and that this should be conditional on a return by deed of the Kossuth County land. These propositions are sound, and as a general rule they will be enforced by a court of equity. *Fagan v. Hook,* 134 Iowa, 381; *Swayne v. Waldo,* 73 Iowa, 749; *Claude v. Richardson,* 127 Iowa, 623; *Primm v. Wise,* 126 Iowa, 528; *Hopwood v. Corbin,* 63 Iowa, 218. But courts of equity are not bound to give any stereotyped form of relief. They readily and easily adapt themselves to the situation of the parties and to the facts of the particular case, and may make such decrees as will effectuate justice. This is one of the reasons why a court of equity takes jurisdiction of such cases as this; the law furnishing inadequate and insufficient remedies. Equitable relief is always to be adapted to the facts and circumstances of the particular case. *King v. Ordway,* 73 Iowa, 735; *Creveling v. Banta,* 138 Iowa, 47; *Hale v. Kobbert,* 109 Iowa, 128.

Of course, upon rescission plaintiff is entitled to no profits for her supposed bargain. In such cases she is entitled to the return of her property, or to its value if its reconveyance can not be had. It is difficult to tell from the record just the amount of the incumbrance upon the Eagle Grove property when plaintiff conveyed it to Wehrheim. In one place it is stated to have been $350, and in another at $325; but, as plaintiff herself said on the witness stand that it amounted to $325, we shall treat that as the true sum due on the mortgage. By agreement this was transferred to the Kossuth County land, and the incumbrance upon the Eagle Grove property was thus removed. Here again we have the same difficulty regarding the amount of the mortgage placed by plaintiff on the Kossuth County land; but, as she stated in her notice to defendant of rescission that it was $336.95, we must treat that as the true sum. In equity plaintiff was entitled to be made whole. She testified that, at the time she served

her notice of rescission, she could have induced her relative who held the mortgage upon the Kossuth County land to have transferred it to the Eagle Grove property, if defendant Wehrheim would redeed it to her, but that, since she could not get back her property, she could not get a release of the mortgage upon the Kossuth County property which she had executed pursuant to the exchange. It appears that she signed the note which the mortgage was given to secure, and that she is obligated to pay the same in any event. Now the judgment rendered by the trial court was for $1,325. Adding to this the $336.95, we have the sum of $1,661.95 as the value of plaintiff's Eagle Grove property at the time of the exchange, saying nothing of interest or rents and profits of the property during the time plaintiff was deprived of its use. The evidence shows that the Eagle Grove property alone was fairly worth that sum at the time defendants perpetrated the fraud upon her, and defendants have no reason to complain of the amount of the judgment. They are in no manner prejudiced by reason of the mortgage upon the Kossuth County land, for they are given credit to the amount thereof in the judgment rendered; but, subject to this incumbrance, they are entitled to a reconveyance of the Kossuth County land.

Here again we find the record quite obscure. From the allegations of the petition it will be seen that plaintiff alleged a tender of the deed into court, and a willingness on her part to deliver the deed to Wehrheim, and a statement that she still kept the tender good. This was denied generally by the defendants. We also find in the record a paper called "Exhibit 6," which is a warranty deed from plaintiff to defendant Wehrheim, over date of March 27, 1907, which was a few days before plaintiff commenced her suit. The only reference to this in plaintiff's testimony is that she executed it on the day it bears date, and it further appears that the deed was offered in evidence.

Probably this is the deed referred to in the notice of rescission, and also the one to which reference is made in the petition; but it does not sufficiently appear from the record that this is the one, that it was ever offered to defendants, tendered to them in court, or deposited there for their benefit. Under the issues there should have been some order made with reference to it. The Kossuth County land was not entirely worthless, as plaintiff's counsel assume. The testimony is in sharp dispute regarding its value; some of the witnesses placing it as high as $1,000. We do not think it was worth that much, but, if not valueless, defendants were, upon rescission, entitled to a reconveyance of the Kossuth County property, subject, as we think, to the mortgage placed thereon by the plaintiff. Defendants are not, however, entitled to a straight warranty deed from plaintiff, for the incumbrance placed thereon by her must, for reasons already stated, be treated as a valid one. At most defendant Wehrheim upon paying the judgment rendered against him is entitled to a special warranty deed from plaintiff, excepting taxes and the mortgage placed thereon by her.

The decree should have so provided, and it will be modified to this extent and remanded for one in harmony with this opinion. As each of the parties is about equally benefited by this appeal, the costs will be equally divided between appellants and plaintiff as appellee.—*Modified* and *remanded.*