A. J. Basye *et al., as Partners, etc.,* v. The Paola
Refining Company.

No. 15,738.   (101 Pac. 658.)

SYLLABUS BY THE COURT.

Contracts—*Fraud—Rescission—Restoring the Status Quo.* An
action for the rescission of the purchase of an oil lease on the
ground of fraud is not necessarily defeated by the fact that
the plaintiff has used up a quantity of the oil which he has
received from the property. Although by his own act he has
rendered impossible the restoration in specie of all that he
has received in the transaction, he may be granted relief upon
payment of its value when substantial justice will be thereby
promoted.

Error from Miami district court; Winfield H.
Sheldon, judge. Opinion filed April 10, 1909. Affirmed.

*Alpheus Lane,* and *Crane & Woodburn Brothers,* for
plaintiffs in error.

*J. E. Maxwell,* and *Frank M. Sheridan,* for defendant in error.

The opinion of the court was delivered by

Mason, J.: The Paola Refining Company bought an
oil lease of A. J. Basye and others. Afterward, claiming that it had been led to make such purchase by
fraudulent representations as to the quantity of oil produced, it sued to rescind the transaction, and recovered a judgment, from which the defendants prosecute error.

The contention is made that the petition, which was
attacked only by an objection to the introduction of
evidence under it, was fatally defective in that it did
not state that the plaintiff relied upon the representations referred to or that it suffered any injury thereby.
The petition does say, however, that the plaintiff believed that the representations were true, and so be-

lieving entered into the contract of purchase, and this sufficiently implies a reliance upon them. And an injury is the necessary result of the purchase of such property in reliance upon false representations of its productive value. In such a case the question is not whether the thing obtained is worth what was paid for it, but whether it is worth what it was held out to be —whether the buyer obtained what he bargained for.

The court found that the plaintiff discovered the true capacity of the property purchased some six weeks before it brought its action, and in the meantime continued to use the oil produced, which it did not, and of course could not, restore to the defendants, although it offered compensation therefor. The defendants maintain that whatever right to rescind may ever have existed was forfeited by the failure to assert it sooner, and that rescission could not be had in any event because the plaintiff by its own act had made it impossible to restore what it had received under the contract.

Whether the delay in moving in the matter was under all the circumstances so great as to amount to a bar was a fair matter for the consideration of the trial court, and no reason is seen to disturb the conclusion reached. The mere question of how much time was permitted to elapse is not necessarily determinative. The important consideration is whether the period was long enough to result in a prejudice to the other party. No change in the condition of the parties or in their relation with each other is shown to have taken place in the interval, except for the use of the oil, and that is a matter for which compensation could be readily, accurately and fully made.

The same consideration destroys the force of the argument based upon the necessity of a restoration of the prior status. The rule that he who seeks the rescission of a contract must restore in specie whatever he has received under it is one of justice and equity,

not of procedure—of substance, not of form—and must be reasonably construed and applied. All that is necessary is that the one party shall be placed in substantially his original situation and that the other shall derive no unconscionable advantage from his conduct. Cases may doubtless be found in which the rule has been pressed beyond its just limits. Its true scope is well indicated in *Wright v. Dickinson,* 67 Mich. 580, 35 N. W. 164, 11 Am. St. Rep. 602, in these words:

"Must he [plaintiff] place the defendants in *statu quo?* That is impossible.

"Plaintiff entered into the contract in good faith, paid his money according to the agreement, and went on and severed 150,000 feet of pine, the timber which he bought for the purpose of manufacturing into lumber. He can not restore the severed trees. It is impossible for him to restore the property in the same condition it was in when he received it. The law does not require impossibilities to be performed. The only thing he can do is to restore its money equivalent, and that he offers to do.

"In cases where, acting in good faith, property has been so changed or lost that it can not be restored in specie, and where its value is capable of being ascertained, a party entitled to may rescind a contract, although he can not place the other party in *statu quo.* That is the law of reason, and it is the law of justice. If the current of authority is the other way, based upon technicalities, I can not yield my assent to the doctrine.

"As no rule of property is involved, and as the rights of the parties can be settled and determined in this equitable action, I must hold that the learned judge erred in excluding the testimony offered." (Page 589.)

(See, also, *Hale v. Kobbert,* 109 Iowa, 128, 80 N. W. 308; *Erickson v. Fisher,* 51 Minn. 300, 53 N. W. 638; *Hilton v. Advance Thrasher Co.,* 8 S. Dak. 412, 66 N. W. 816; *Downer v. Smith,* 32 Vt. 1, 76 Am. Dec. 148; *Hoops v. Fitzgerald,* 204 Ill. 325, 68 N. E. 430; *Brown v. Norman,* 65 Miss. 369, 4 South. 293, 7 Am. St. Rep. 663.)

Objections made to some of the testimony do not re-

quire to be examined, there having been other evidence sufficient to support the judgment. Further assignments of error have been examined but are not thought to require special mention. The judgment is affirmed.

BENSON, J., not sitting, having been of counsel.