## AUBURN DALLAS CO. v. STEWART et al.
### No. 10390.

Court of Civil Appeals of Texas. Dallas.
Jan. 16, 1932.

Rehearing Denied Feb. 20, 1932.

W. H. Flippen, John T. Gano, and Dan P. Johnston, all of Dallas, for appellant.

Lively & Dougherty and Houston Wood, all of Dallas, for appellees.

VAUGHAN, J.

This suit was instituted July 3, 1929, by Federal Acceptance Corporation, a private corporation, one of the appellees, against R. A. Stewart, the other appellee, as defendant in the court below, to recover on a note for $985 executed May 8, 1929, by R. A. Stewart to Auburn Dallas Company, a private corporation, and to foreclose a chattel mortgage lien on a 1928 model Auburn sedan. For convenience, said parties will be designated as follows: Auburn Dallas Company as appellant, Federal Mortgage Company as plaintiff, and R. A. Stewart as defendant.

On May 18, 1929, defendant purchased from appellant a 1928 model Auburn sedan, motor No. 23940, at an agreed price of $1,585, and transferred to appellant a Whippet coach in part payment, at the agreed valuation of $600, and executed and delivered his promissory note in favor of appellant for the sum of $985, payable in twelve monthly installments, and secured by a chattel mortgage on said Auburn sedan, executed by defendant to appellant. Immediately thereafter and before default, said note and chattel mortgage were transferred by appellant to plaintiff for a valuable consideration; plaintiff thereby becoming the bona fide holder in due course of said note and mortgage. Defendant failed to make the first payment on said note, which was due and payable June 18, 1929, whereupon plaintiff instituted this suit against defendant, alleging the execution and delivery of said note and chattel mortgage by defendant to appellant; that plaintiff purchased same for a valuable consideration before maturity, and without knowledge of any defect in the execution and delivery of said note; that all of said installments had been declared due by virtue of the provisions of said chattel mortgage, and by proper allegations asked for its damages, interest, and attorney fees, as provided for in said note. Plaintiff further alleged the necessary grounds for the appointment of a receiver, and asked that one

be appointed to take charge of and hold said automobile pending the determination of the suit. Said petition was duly sworn to. Defendant answered with a number of exceptions, and specially pleaded failure of consideration, and that said note was transferred by appellant to plaintiff in order to defraud defendant; also at the same time filed his cross-action against appellant, alleging that the execution and delivery of said note and chattel mortgage was obtained by fraud and misrepresentations, failure of consideration, and breach of contract, and asked for judgment over against appellant, for a rescission of the contract of sale, for the recovery of the Whippet automobile, or its value, and for general and special relief.

Appellant answered said cross-action by a general demurrer and general denial, and plaintiff addressed a general demurrer and special exceptions to said answer and cross-action as to the misjoinder of parties and causes of action.

As a defense to the right asserted by defendant to rescind the contract of purchase and to cancel the note and chattel mortgage declared upon, appellant alleged: That said automobile was sold under the terms of a written contract, to which defendant became a party with full knowledge of all the facts, and that no misrepresentations of any kind or character were made in connection with said sale, and further pleaded that said Auburn sedan had been sold by the receiver, appointed by the trial court in this cause, and, by reason of such fact, defendant was not in position to return said property to appellant; therefore it could not be put in status quo; that such sale was occasioned by the default of defendant, and without neglect on the part of appellant; that, if defendant was damaged, it was by reason of his own neglect in not making the payments on said note when they became due.

Answering the special issues submitted, the jury found the following facts to have been established by evidence, viz.: That appellant represented to defendant that it would not negotiate or transfer the note executed by defendant; that appellant represented to defendant that the Auburn automobile in question was in A-1 first-class condition at the time of the sale thereof to defendant; that appellant knew the purpose for which defendant was purchasing the car at the time of its delivery to defendant; that appellant represented to defendant that said automobile was suitable for the purpose for which he was purchasing same, and that it would give him satisfactory service; that appellant represented to defendant that the automobile in question would stand a much higher sustained driving speed than the Whippet Six car that defendant traded in on said deal, that it would make a sustained driving speed of 60 miles per hour, all day and night; that ap-

pellant represented to defendant that the car in question would make from 12 to 15 miles on a gallon of gasoline, and would use less oil than the Whippet Six, traded in on said deal by defendant; that defendant relied upon each of said representations, and was induced thereby to buy said Auburn automobile; that each of such representations was false; that defendant disaffirmed the sale of said Auburn car within a reasonable time after appellant failed to repair the defects in said automobile; that defendant necessarily purchased oil as the result of said Auburn car using an excessive amount of oil by reason of its being in a defective condition; that the reasonable value of the excessive oil so used was $24.50. As to the judgment rendered on said verdict, it is only necessary for the purpose of this appeal to state that plaintiff recovered against defendant in the sum of $1,244.85, and defendant recovered on his cross-action against appellant his consequential damages in the sum of $1,244.85, for a rescission of the contract of sale, and cancellation of the note sued upon as between appellant and defendant.

The above findings of fact, being duly supported by evidence, are adopted as part of the findings of fact made by this court. In addition, we find the following material facts to have been established without conflict in the evidence; that defendant, for the purpose of rescinding his contract for the purchase of said Auburn sedan, tendered same to appellant on May 1, on or about June 10, and on June 18, 1929; that each tender so made was refused by appellant; that on July 3, 1929, this suit was filed, and one Harry Gugenheim then appointed receiver as to the Auburn sedan, with power and authority to take possession of same, and "to hold the same and protect it against use and abuse, and subject to the further order of this court pending the determination of this suit"; that citation was duly issued and served on defendant July 30, 1929; that on August 24, 1929, defendant filed his original answer and cross-action, in which he denied that plaintiff was the holder in due course, alleged failure of consideration, and that said note was transferred to plaintiff by appellant in order to defraud defendant; that citation issued on said cross-action on August 24, 1929, and was duly served on appellant on September 15, 1929; that application for the sale of said automobile was filed by plaintiff on July 30, 1929, and order of sale granted by the court on the same day; that sale of the automobile was made by the receiver on August 12, 1929, to plaintiff for $300, which was reported to and approved by the trial court and receiver discharged on August 20, 1929; that said Auburn sedan was stored by defendant with the Willys-Knight Company, of Dallas, June 18, 1929, and was removed therefrom by the receiver; that defendant did not take a receipt for it, and made no further inquiry as to what became of it; that he knew nothing about it being taken out by order of court; that the record does not show that defendant ever notified appellant of the institution of this suit, nor of the appointment of said receiver; further, that said defendant made no further efforts to protect the interest of appellant; that notice of the appointment of the receiver in this cause and the order for the seizure of the automobile involved in this case was served on defendant July 3, 1929.

██ Because of the fraud found by the jury to have been practiced upon defendant, he was entitled to rescind said contract of sale. That defendant duly exercised this right was established by uncontradicted evidence, viz.: That in due time defendant elected to rescind said contract and to accomplish that result three times tendered and offered to return said automobile to appellant at times when appellant could have been placed in status quo, before this suit was filed; and, further, that defendant did nothing by his own voluntary act to place it beyond his power to restore said automobile to appellant; that said automobile was by the trial court, as shown by the orders above recited made and entered in this cause on the application of plaintiff and proceedings had thereunder, placed beyond the reach of defendant, and it therefore could not be returned to appellant at the time of the trial of this cause.

██ Did defendant forfeit his right to rescind on account of the court proceedings whereby said automobile was placed beyond the power of defendant to place appellant in status quo? This is a material inquiry; in fact, all other questions presented by this appeal will be eliminated by its determination, whether resolved in favor of or against appellant. What duty rested upon defendant after he had elected to rescind, notified appellant of his desire and determination to do so, and the immediate tender of the Auburn sedan to appellant, and its refusal to rescind? Under the findings of facts made by this court, appellant wrongfully refused to rescind and accept the Auburn sedan. After such refusal, defendant was not required, at all times and under all circumstances, to be prepared to deliver said automobile to appellant, and did not forfeit his right to rescind because said automobile could not be restored to appellant, as the result of the sale made thereof by the receiver, under the proceedings had in reference thereto. 7 Tex. Jur. 967, § 49; 9 C. J. 1210, § 96, and notes 47 and 48; Neblett v. Macfarland, 92 U. S. 101, 23 L. Ed. 471; Long v. Calloway (Tex. Civ. App.) 220 S. W. 414; Plotner & Stoddard v. Markham Warehouse & Elev. Co. (Tex. Civ. App.) 122 S. W. 443; Alexander v. Walker (Tex. Civ. App.) 239 S. W. 309; Black on Cancellation and Rescission, vol. 3, § 623. From the last-cited authority we quote: "When an

offer to return the property has thus been made and positively refused, supposing a sufficient ground for restoration to exist, the title to the property remains or revests in the person who would be entitled to it on a rescission offered and accepted." Certainly, under the facts of the instant case, defendant met the full measure of responsibility that rested upon him in reference to the care of said automobile, in that he stored same safely, subject to appellant's disposal, and did nothing by his own voluntary act which of itself rendered him unable to control said automobile so as to restore the status quo of appellant at the time of trial of this suit.

Appellant contends that defendant owed it the duty to pay the installments on the note as the same became due, and that defendant's failure to do so was negligence, and' he thereby waived his right to rescind the contract. The first installment became due on the note June 18, 1929, and defendant had, prior to that date, exercised his right to rescind. If the right to rescind existed in favor of defendant at the time he notified appellant of his purpose to rescind, and tendered said automobile back to it, then the duty to protect said automobile from the lien created for the payment of the note executed by defendant to appellant developed upon appellant, as the title to said automobile was reinvested in appellant on defendant exercising his right to rescind. Long v. Calloway; Neblett v. Macfarland; Black on Cancellation and Rescission; Plotner & Stoddard v. Markham Warehouse & Elev. Co., supra; Garrett v. Butler (Tex. Civ. App.) 260 S. W. 1069; Dawson v. Sparks, 1 Posey, Unrep. Cas. 735; Brown v. Norman, 65 Miss. 369, 4 So. 293, 7 Am. St. Rep. 663. If defendant had thereafter paid the amount of the due installment, his remedy would have been one for damages on account of breach of contract. Therefore, when defendant tendered back the automobile to appellant, and asked for a rescission of his contract, the right of rescission existing, defendant owed no further duty, or was under no further obligation to appellant to protect it against the foreclosure proceedings instituted by plaintiff; and as to the automobile only owed it the duty to hold the car as bailee or warehouseman, or dispose of it as perishable property. In other words, when defendant informed appellant that he had rescinded said contract, tendered back the automobile to appellant, which appellant refused to receive in consummation of the rescission of said contract, the rights of the parties were fixed as of that time, and it was not incumbent upon defendant to bring any suit, or to do anything thereafter to consummate the rescission. Plotner & Stoddard v. Markham Warehouse & Elev. Co.; Dawson v. Sparks; Black on Cancellation & Rescission; Long

v. Calloway, supra. This because the filing of a suit based upon each offer to rescind would not create the right to rescind, but would only have been to enforce that right which had been fixed by the rescission and tender made by defendant, and the refusal thereof by appellant, it remaining with either party to invoke judicial power to enforce the rights thus fixed by the right of rescission so exercised. Therefore we are of the opinion that, had defendant paid any installment due on said note after he had exercised his right to rescind, such act would have amounted to a waiver of his rescission, and appellant would have been justified in so treating the matter, and could, and no doubt would, have been considered by appellant as a waiver of defendant's right to rescind and an act of confirmation of the contract which he had repudiated. All assignments have been carefully considered, and, finding no reversible error presented thereby, the judgment of the trial court is affirmed.

Affirmed.