## C. AULTMAN & Co. v. PHILIP MILLER.

1. CONTRACT—*Rescission*—*Competent Evidence.* In an action involving the questions whether a machine sold was as represented by the seller, and whether there had been a return of the machine by the purchaser and a rescission of the contract, testimony that the seller had received it back and sold it to another in substantially the same condition six years afterward, and that it was then defective in construction and therefore unfit for the use for which it was intended, is admissible in evidence as tending to show that it was defective and unfit for use when first sold.

2. TESTIMONY—*Lapse of Time.* The lapse of time in such case tends to weaken the testimony, but does not render it incompetent.

3. RESCISSION, *When*—*When not.* Where grounds for rescission of a contract exist, and a party desires to avail himself of them, he must act with reasonable promptness in returning the property which he has received under it, and the contract must be rescinded *in toto*, if at all. If there is delay in returning a portion of the property, but it is afterward restored to and accepted by the other party without objection as to time, such delay would not defeat a rescission.

4. INSTRUCTION—*Harmless Error.* An improper instruction, which has become immaterial by reason of the findings of the jury, is not a ground of reversal.

## *Error from Rush District Court.*

ACTION by *C. Aultman & Co.* against *Miller* to recover on three promissory notes. At the January term, 1890, defendant had judgment, and the plaintiff company, a corporation, comes to this court. The opinion states the facts.

*Hargrave & McCormick,* for plaintiff in error.

*Andrews & Anderson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to recover upon three promissory notes, amounting to $565.25, executed by Philip Miller in favor of C. Aultman & Co., on July 31, 1882, payable respectively in one, two and three years after date. The consideration for the notes was a threshing machine, which was warranted to be well made and to do good work, but whether the warranty was a written or verbal one, and what were all of its conditions, are disputed questions of fact. Miller tried to operate the machine for three weeks and failed, when he endeavored to rescind the contract, and returned the separator to the agent of plaintiff, who sold it. Several months afterward, the horse power was also returned. It is claimed that the machinery was accepted by the agent, and it appears that it was afterward sold to other parties by the same agent of plaintiff, who unsuccessfully endeavored to operate it, after which it was again returned to the plaintiff, when the agent is said to have admitted that it could not be operated, and was unfit for use as a thresher. The defense against the notes was, that there had been a rescission of the contract; and further, that one of the notes was barred by the statute of limitations, no action having been brought thereon until more than five years after its maturity. The trial resulted in a general verdict in favor of the defendant, and

several errors are assigned upon the rulings of the court in admitting testimony and in charging the jury.

The court, over the objection of plaintiff, admitted evidence showing that the machine had been sold by plaintiff to others about six years after a sale and trial of it by Miller, and that upon a test made by the subsequent purchasers it was found that the machine was wrongly constructed, and not adapted to the purposes for which it was intended. The testimony also tended to show that the subsequent purchasers were assisted by experts provided by plaintiff, but all efforts to operate the machine were unsuccessful. The complaint is, that the great length of time which elapsed between the two

2. Testimony — lapse of time.

two tests of the machine made such testimony entirely worthless and incompetent. The lapse of time tended to weaken the testimony, but did not, in our opinion, render it incompetent. The testimony tended to show that the machine was in substantially the same condition as it was when first tested by Miller; and further, that it had been kept by plaintiff in its possession until the subsequent sale. It further showed that the de-

1. Contract — rescission — competent evidence.

fect was one of construction, and operated substantially the same on both trials. In view of these facts, we think the testimony was admissible, and entitled to some consideration.

Complaint is next made of the refusal of certain instructions requested by plaintiff. The first one refused, relating to the warranty and the compliance with its conditions by the purchaser, is sufficiently covered in the general charge of the court. The second was to the effect that a contract cannot be rescinded in part and retained in part; that the whole contract must be rescinded within a reasonable time; and that, if the jury found that the defendant returned a part of the machinery and retained a part, there was no rescission of the contract, and there must be a finding for the plaintiff. It is true, that where grounds for rescission exist, and a party desires to avail himself of them, he must act with reasonable promptness in returning the property which he has received

under the contract; and it is also true, that it **3. Rescission, when—when not.** must be rescinded *in toto*, if at all. However, if a portion of the machinery was retained longer than would usually be regarded as a reasonable time, but when it was returned the plaintiff accepted and received it without objection, the rescission would be complete. It appears that the horse power was not returned to the plaintiff for several months, but when returned it appears to have been accepted and retained by it, and in fact was subsequently sold by the plaintiff to others. If it was accepted by plaintiff upon return, the objection that it was not within a reasonable time would be waived; and, as this phase of the case was not presented by the instruction requested, its refusal cannot be regarded as error.

The third instruction refused is not sufficiently material to require attention, and the fourth is fairly embraced in the charge that was given. Complaint is made of several of the instructions that were given, and among them the third, which we deem to be unobjectionable. The question whether the warranty was verbal or written was submitted to the jury, and they were told that if it was not found as represented and warranted, the defendant was entitled to rescind the contract, provided he notified the plaintiff or plaintiff's agent, as required by the warranty, and returned the machine within the required time or within a reasonable time.

Complaint is made of another instruction, with reference to the statute of limitations, in which the jury were informed that before a payment, or indorsement of payment, upon a note would have the effect of renewing the obligation which was otherwise barred, and take it out of the statute of limitations, the payment must be a voluntary one. In this case more than five years had elapsed since the maturity of the first note, and upon that note there was an indorsement of $83. This was placed upon the note by plaintiff, which claimed to have sold the machine under the lien which it had for $100, and this amount, less the costs of sale, it had placed upon the note. The language of the instruction may be objectionable,

but from the result reached by the jury it has
4. Instruction—  become immaterial.    As has been stated, two of
    harmless error.
the notes were not barred under any view, and
the jury having found in favor of the defendant upon these,
is equivalent to a special finding that the contract had been
rescinded.    This is a complete defense to all the notes and
renders the questions respecting the statute of limitations un-
important.

We find no error which would justify a reversal of the
judgment, and hence it will be affirmed.

All the Justices concurring.