No. 24,330.

MARY M. DUTTON, *Appellant*, v. RALPH L. DUTTON, ROSE MILLER DUTTON, and F. J. MILLER, *Appellees*.

### SYLLABUS BY THE COURT.

1. CONTRACT—*Rescission—Restoration of Everything Received Must Be Tendered.* One asking to rescind a contract based upon sufficient consideration and wholly executed, for fraud, must restore or offer to restore to the other party the money or thing received under the contract, and so far as practicable place him in the position he was in at the time of the execution of the contract.

2. SAME—*Contract Cannot Be Affirmed in Part and Repudiated in Part.* A party cannot affirm a contract in part and repudiate it in part nor hold some of its benefits and at the same time evade its disadvantages.

3. SAME—*Postnuptial Contract Fully Executed—No Ground for Rescission Stated.* A postnuptial contract, fully executed, settling property rights between a husband and wife where circumstances and conditions were such as to warrant a divorce, and where the health and happiness of the parties made a separation necessary and in fact inevitable and where the property apportioned to the wife was a fair if not an adequate allowance, and where she relinquished all right to the real estate and other property reserved to him, she cannot, without setting aside the contract, claim any of the property so reserved, although it may have been previously occupied as the homestead of the parties.

4. DIVORCE—*Foreign Divorce Decree—Alimony.* As to the divorce subsequently procured by the husband in another state, the rule of *McCormick v. McCormick*, 82 Kan. 31, 107 Pac. 546, is followed.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed March 10, 1923. Affirmed.

*John Madden, John Madden, jr.,* and *J. T. Rogers,* all of Wichita, for the appellant.

*R. L. Holmes, C. G. Yankey, W. E. Holmes,* and *D. W. Eaton,* all of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Mary M. Dutton against her former husband Ralph L. Dutton, Rose Miller Dutton and F. J. Miller, in which she asked to have certain property in the city of Wichita adjudged to be her homestead and that she have judgment canceling an attempted conveyance of the property and the modification of a postnuptial agreement which had been made

between her and her former husband.   Upon her petition and open-
ing statement the trial court held that she was not entitled to re-
cover and gave judgment for the defendants.   In her petition she
alleged that she was married to Ralph L. Dutton on January 22,
1910; that one child was born of their union; and that she resided
with him as his wife until August 15, 1919, when he deserted her.
She alleged that at the time of their marriage Dutton was the owner
of a ranch of 640 acres in Kingman county; that immediately after
their marriage they moved upon the ranch and resided there until
1917, when he went to Wichita to engage in business there.   She con-
tinued to reside on the ranch until January, 1919, and operated it
for their mutual benefit.   During the time they lived there they
erected a residence on the ranch and otherwise improved it so that
it was worth $50,000 over and above the incumbrances on it.   She
further averred that by their joint efforts they acquired considerable
personal property.   She then alleged that immediately after he went
to Wichita he purchased a house which later they both occupied as
their home, the fair value of which was $4,500, and that other prop-
erty was acquired in Wichita from the proceeds of the ranch.   She
alleged that the title to said property was vested in Rose Ann Miller,
his stenographer, and that the title was transferred from one to an-
other with the purpose of defeating the marital rights of the plaintiff.
She stated that Ralph L. Dutton was the equitable owner of the
property in which they lived in Wichita and that the title of it
was held in another for the benefit of Ralph Dutton.   She then set
forth that on the 8th day of May, 1919, she and her husband entered
into a contract in which it is recited that conditions and circum-
stances have arisen which make it impossible for them to live to-
gether as husband and wife, that it is necessary for the health and
happiness of each of the parties that a separation and possibly a
divorce be had, that because of the conditions a separation is in-
evitable and they constitute grounds under the laws of Kansas for a
divorce, and that the parties, with full knowledge of the financial
condition of each other and of the rights given to the husband and
wife under the laws of the state, are entering into an agreement fo·
the settlement and just division of all property rights as between
them.   The agreement was that he should give her $24,000 in cash or
in good notes secured by mortgage, transfer to her all of the house-
hold furniture, fixtures and silverware in the home of the parties, re-
serving only his clothing and jewelry, and also transfer to her a

touring car which they owned. This property, together with $24,000, was accepted as a full and complete provision for the support of herself and child, and he released any claim, right or interest that he might have to any property conveyed or transferred to her. She in turn agreed that she would execute any deed, conveyance or other instrument conveying property owned by him, upon request, and execute a power of attorney wherein she granted to him full power to sell, convey, mortgage or dispose of any property owned by him, which was to remain in force until a decree of divorce was obtained. It was recited that the condition of this contract was that it should constitute a complete and final settlement of every property right between the parties, and each relinquished all future claims upon the other or upon the property of the other. It was further stipulated that no oral agreement, promise or action should be accepted or considered to be a cancellation or revocation or modification of the contract. She further alleged that when the homestead in Wichita was conveyed and the contract was made, the defendant Dutton intended to obtain a divorce from plaintiff, and that her signature was obtained by representations that he desired to sell the ranch and that not knowing that he was contemplating a divorce she was induced to sign the contract. She further stated that the contract was unreasonable and unfair and that she should not be bound by its terms and conditions, and she further alleged that he went to Missouri and obtained a divorce from her on notice by publication, and that immediately thereafter Dutton and Rose Miller were married, and that this step was only a part of the conspiracy to defraud her. She alleged that the affidavit for service stating that he was a resident of the state of Missouri was false and that the court was without jurisdiction to render the decree of divorce that was adjudged. She also alleged that the contract for the distribution of property was not an equitable settlement, but she did not ask that it should be set aside in its entirety, but only that the so-called homestead in Wichita be declared to be hers for the use of herself and her minor child and that the attempted conveyances of the same should be canceled and set aside.

In his answer Dutton admitted the execution of the contract and averred that it settled all property rights and interests between the parties. He alleged that he had paid the $24,000 mentioned in the contract and had fully complied with its terms. The decree of di-

Dutton v. Dutton.

vorce granted by the Missouri court in his favor was set up and he prayed for a dismissal of the cause.

Rose Miller Dutton filed a separate answer and cross-petition, denying the allegations in the petition, and also stated that the facts were insufficient to constitute a cause of action against her. In respect to the divorce, she alleged that after the entry of the decree of divorce Mary M. Dutton filed a motion in the Missouri court alleging that that court had no jurisdiction to try or determine the divorce suit, setting up the matters which are now stated in the petition in this case, with respect to the divorce, but that upon the final hearing of the motion and upon evidence offered, the Missouri court denied the motion and the judgment of that court thereby became final. She also asked rental upon the premises in question during the time the same have been occupied by the appellant in the sum of $1,100. Upon the petition and the opening statement, in which counsel for the plaintiff stated that they were seeking to obtain the homestead in addition to what had already been obtained under the contract, the court held that the plaintiff was not entitled to recover against the defendants or any of them. Thereafter, upon evidence introduced upon the cross-petition of the defendant, Rose M. Dutton, the court found that the reasonable rental value of the premises occupied by her was $75 per month, and awarded her judgment in the sum of $780. Plaintiff appeals.

No error was committed in the ruling of the trial court. While plaintiff alleged that fraud was committed in the execution of the postnuptial contract settling the property rights of the parties, she did not repudiate it or ask for its rescission. Her attitude was that the contract was binding as to the money and property she had received but that she desired to have a larger share of the property than was agreed upon and received when the division was made. To rescind the contract it was necessary for her to restore, or offer to restore, the money and property received under it. She could not affirm in part and repudiate in part, could not claim or retain advantages under the contract and evade its disadvantages. (*Bell v. Keepers*, 39 Kan. 105, 17 Pac. 785.) In *Aultman v. Miller*, 52 Kan. 60, 34 Pac. 404, it was said:

"It is true, that where grounds for rescission exist and the party desires to avail himself of them, he must act with reasonable promptness in returning the property which he has received under the contract; and it is also true, that it must be rescinded *in toto*, if at all."

In seeking to retain the money and property received in virtue of the contract, which was a fair if not an adequate share of his estate, she in effect ratified the contract and is necessarily bound by its obligations.

Some reliance is based upon the claim that the property she is seeking to have set aside to her in addition to that given under the contract was a homestead. The title to that property stood in the name of another, but if it be assumed that the equitable ownership was in her former husband she had in a writing relinquished all rights of every kind she had in the property held by him at the time the division was made or which he might thereafter acquire.

Nor is she in a position to attack the divorce granted to her former husband by the Missouri court. In the first place, in her contract she recited that the conditions and circumstances existing between her and her husband warranted the granting of a divorce, that by reason of these it was impossible for them to live together as husband and wife, that the health and happiness of each made it necessary that there should be a separation and possibly a divorce, but that separation was inevitable. Her attack upon the service that was obtained in the divorce proceeding on the ground that he was not in fact a resident of Missouri, and that the court was without jurisdiction, has been determined against her. That matter was adjudicated in the Missouri court after the plaintiff had presented evidence as to his actual residence as well as to the sufficiency of the service, and the judgment then made stands as a finality. The decree of that court is not open to collateral impeachment on the ground of fraud and is binding upon the parties. It operated to settle all the rights of the parties, although as a matter of fact the property rights as between the parties had been settled by the agreement made prior to that time. The judgment of the Missouri court effectually ended the marriage relation and absolved each party from every marital right and duty. (*McCormick v. McCormick*, 82 Kan. 31, 107 Pac. 546.)

The judgment of the district court is affirmed.