Harnden v. Hadfield.

---

No. 24,475.

EUGENE W. HARNDEN, *Appellee*, v. WILLIAM J. HADFIELD et al., *Appellants*.

SYLLABUS BY THE COURT.

1. EXECUTED CONTRACT—*Exchange of Land—Rescission of Contract for Fraud.* A suit to rescind an executed contract on the ground of fraud is not necessarily defeated by the fact that plaintiff had parted with a portion of the property received before discovery of the fraud. In some cases the requirements of justice may be satisfied by requiring compensation for the property disposed of and the return of the property retained.

2. SAME—*Disposition of Part of Property Before Discovery of the Fraud.* Where, in part payment of a $2,500 property, plaintiff had received a $200 note, which he disposed of before discovery of fraud which justified a decree of rescission, the court was authorized in such decree to require plaintiff to account for the note as $200 cash and to return the other property received by him and which he had not disposed of.

3. SAME—*Rescission of Contract for Fraud—Material Changes in Situation Before Discovery of the Fraud.* In a suit to rescind for fraud an executed contract relating to real property in which plaintiff had received a note secured by mortgage on other land, and the evidence justified rescission, but defendant had made extensive improvements on the property conveyed to him before notice of plaintiff's suit, an entire rescission of the contract need not be decreed. If the equities of the case require it, the court may declare a lien on the real property conveyed to the defendant for the value of the note and mortgage as estimated in the contract, and order a transfer of the note and mortgage to defendant.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed May 12, 1923. Affirmed.

*William Easton Hutchison, C. R. Hope, R. W. Hoskinson,* and *Robert S. Field,* all of Garden City, for the appellants.

*H. O. Trinkle,* of Garden City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a suit to rescind an executed contract for the sale or exchange of real property. It was tried to the court with the aid of a jury and findings made and judgment rendered in favor of plaintiff. The defendant has appealed.

The plaintiff, Harnden, was the owner of a residence property in Garden City, which he sold or traded to defendant at a value of $2,500, and received therefor $800 in cash, a note for $200 secured by a second mortgage on some land in Arkansas, and a note for $1,500 secured by a first mortgage on land in Oklahoma. The defendant took possession of the residence property in Garden City and made extensive improvements thereon. Shortly after the trade plaintiff wrote to county officials in Arkansas and was advised that they knew nothing of the land described as secured by the $200 note. He then, at the suggestion of defendant, traded this $200 note for a $600 note secured by a second mortgage on the same land in Oklahoma, upon which he had the $1,500 mortgage, and paid the difference in cash. At the time of the trade defendant told plaintiff that the Oklahoma land was a good, smooth tract of mow land, worth $3,500, and plaintiff relied upon such representations. Some two or three months after the trade plaintiff went to California and was gone several months and returned to Garden City and was for a time employed by defendant in making some of the improvements upon the Garden City residence property. About nine or ten months after the trade, plaintiff investigated the Oklahoma land and found it to be a rough piece of brush land, worth about $800. He then brought this suit to rescind the trade, and in his petition set up the fraudulent representations as to the Oklahoma land and his reliance thereon, and tendered into court the $1,500 note and the $600 note and offered to pay the cash he had received. A jury was called to aid the court and in answer to special questions found that the defendant had represented the land in Oklahoma as all mow land, level, and of the value of $3,500, when, in fact, it was not level land, nor mow land, and was of the value of $800 at the time the trade was made. These findings were adopted as the findings of the court. The court then took testimony as to the value of the improvements which had been placed upon the Garden City residence property by the defendant, with the view of requiring plaintiff to pay the defendant the difference in value of the resi-

dence property caused by the improvements. The court found that because of the extensive improvements placed on the Garden City property by the defendant it would be inequitable to require plaintiff to take it back and pay for the improvements, and entered a decree requiring the plaintiff to treat the $200 note, which he had disposed of, as cash received, requiring the defendant to take back the $1,500 note secured by the mortgage on the Oklahoma land, and also required the defendant to keep the Garden City real property, rendered judgment in favor of plaintiff for $1,500 and made it a lien upon the Garden City residence property. The defendant, as appellant, complains of this judgment.

Appellant makes the point that the plaintiff was not in a position to maintain an action to rescind the contract for the reason that prior to the bringing of the suit he had disposed of the $200 note and was thus not in a position to place the defendant in *statu quo*. Subject to some limitations, it is the general rule that in a suit to rescind a contract for fraud or other sufficient reason the plaintiff must, as a condition to his obtaining relief, restore defendant, as far as possible, to the position which he occupied before the transaction which is sought to be rescinded. The remedy of rescission, like other forms of equitable relief, is subject to the maxim, "He who seeks equity must do equity."

In 9 C. J. 1212, it was said:

"The fact that the parties cannot be put in *statu quo* precisely as to the subject matter of the contract, will not preclude a decree of rescission; if it could, no executed contract could be so rescinded. A substantial restoration is all that in any event is required."

In *Bayse v. Refining Co.*, 79 Kan. 755, 756, 101 Pac. 658, it was said:

"The rule that he who seeks the rescission of a contract must restore in specie whatever he has received under it is one of justice and equity, not of procedure—of substance, not of form—and must be reasonably construed and applied. All that is necessary is that one party shall be placed in substantially his original situation and that the other shall derive no unconscionable advantage from his conduct." (Citing cases.)

In 9 C. J. 1212, it was said:

"Where a return of all the property received by complainant is rendered impossible by reason of his having parted with a portion of the property so received before discovery of the fraud, it would seem that the requirements of justice would be satisfied by a return of the part of the property retained with compensation for the remainder." (Citing cases.)

Though it is noted that in some cases rescission is denied in such circumstances.

In this case the plaintiff had parted with the $200 note before he discovered the fraud with reference to the $1,500 note. The court in its decree required the plaintiff to treat the $200 note as so much cash received from defendant in the trade. We are unable to see how this treatment of the matter could harm the defendant in any way. There was some evidence tending to show that this $200 note was worthless. If so, the plaintiff would not have been required to return it. (*Felt v. Bell,* 205 Ill. 213, 228; *Barron v. Myers,* 146 Mich. 510.) In any event, the defendant received full value for the note and he is in no position to complain.

Appellant contends that the plaintiff could not maintain this action for the reason of his delay in bringing it. It is argued than when the plaintiff became dissatisfied with the $200 note it then became his duty to investigate the $1,500 note and that he is charged with all of the knowledge he might have received by such investigation; that the plaintiff knew appellant was improving the Garden City property and was employed by appellant to do some of the work and said nothing. We have carefully examined the evidence relating to this question and think the point is not well taken. It is not shown that the $1,500 mortgage got in any worse shape during the few months delay, nor that the appellant changed his position in any respect by reason thereof, and under all the evidence it should be held that plaintiff acted with reasonable promptness.

Appellant complains of the judgment in that, instead of requiring a rescission, that is, a return of the plaintiff's property to him, and reimbursement to the appellant for improvements, the judgment required appellant to take back the $1,500 mortgage, but also to keep the residence property in Garden City and gave plaintiff a judgment against appellant for $1,500 and made the same a lien upon the Garden City residence property. The rule is well settled in suits in equity for specific performance, cancellation of instruments, or rescission, a court of equity having acquired jurisdiction of the parties and the property, on finding that it would be inequitable to grant the specific relief prayed for, retains jurisdiction to enter such judgment and decree as is equitable under all the circumstances of the case, even though that requires the rendering of a personal judgment and making it a lien upon specific property.

In 9 C. J. 1263, the rule is thus stated:

Harnden v. Hadfield.

"Where the grantee has conveyed the property, or part of it, to another, or for other reason cannot restore it, plaintiff is entitled to a money judgment for damages, such relief being given on the principle that the court having obtained jurisdiction will retain the case for the purpose of giving complete relief, and also for the purpose of avoiding a multiplicity of suits. It has been said that this relief is eminently proper under the reformed procedure where the rights of the parties are settled and determined in one action, the distinctions between the actions at law and suits in equity having been abolished."

In *Bullock v. Tuttle*, 90 Ala. 435, a suit quite similar to this, and in which a similar judgment of the trial court was complained of, the court held:

"When the bill prays the rescission on the ground of fraud, of a contract by which complainant sold and conveyed a tract of land to the defendant, receiving a conveyance for another tract of land in part payment, if the evidence shows fraud authorizing a rescision, but it appears that the defendant has erected valuable improvements on the land conveyed to him before notice of complainant's dissatisfaction, an entire rescission of the contract will not be decreed; but, under the general prayer for other and further relief, the court may declare a vendor's lien on the land conveyed to the defendant for the value of the other tract as estimated in the contract, while ordering a reconveyance of that tract by complainant to defendant."

The court had ample jurisdiction and authority to render the decree entered in this case, and from an examination of the record we see no reason to disturb it.

Finally, the appellant contends that the exchange complained of was made at a time when values were high and since then there has been quite a decline in values, and further, that the value placed on the Garden City property, $2,500, was its trading value, for which reasons the court should not have rendered a decree which enabled the plaintiff to have the full trading value in cash. The record does not disclose whether this particular point was considered by the court below, but, in any event, we regard it as having no substantial merit. It will be noted from all that has been done first and last in this transaction, including the judgment rendered by the trial court, the plaintiff received about $1,900 for his Garden City property.

Finding no substantial error in the case the judgment of the court below is affirmed.