No. 28,324.

H. F. ERDLEY, *Appellee*, v. F. W. DIXON, *Appellant*.

(272 Pac. 154.)

Opinion filed December 8, 1928.

*Thomas A. Fairchild* and *H. R. Fulton*, both of Holton, for the appellant.
*E. R. Sloan*, of Holton, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal from the decision of the trial court of Jackson county overruling a general demurrer to the petition of the plaintiff. The petition was for the rescission and cancellation of a contract for the sale and purchase of a farm in that county. A copy of the contract was attached to the petition as an exhibit. The petition was by the vendor, alleging that he had fully complied with his part of the contract, but that the purchaser had wholly failed, neglected and refused on his part. It alleged that defendant was in possession of the property, was insolvent, and totally unable to perform the contract. It alleged the terms of

purchase were: (1) $1,500 cash, April 1, 1926; (2) assuming a $6,000 mortgage of record; (3) to pay balance of $2,250 March 1, 1927, with interest. It further alleged "that the defendant failed to complete the cash payment of $1,500, which should have been paid on the first day of April, 1926, and has failed to make any payment on the $2,250 to be made by the defendant on the first day of March, 1927." The contract is dated March 23, 1926, eight days prior to the time the cash payment was to have been made, and this action was commenced September 9, 1927, which was after all payments should have been made.

Does the petition state facts sufficient to constitute a cause of action? It is argued by the appellant in a preliminary way that it lacks some of the necessary allegations for a sufficient petition for recovery of unpaid purchase money, for the foreclosure of a purchase-price lien, for an action in ejectment, and for a recovery of damages for breach of contract, but the prayer of the petition and the brief of the appellee preclude the necessity of considering any of these suggested features, in that the only claim or right asserted is the equitable right to rescind and cancel the contract. There does not seem to us to be any confusion as to the theory of the plaintiff's claim, as expressed in the petition, as there was in the petition in the case of *Investment Co. v. Burdick,* 67 Kan. 329, 72 Pac. 781, cited and quoted by appellant. Whether or not the petition is sufficient as one for rescission and cancellation of contract is all that appears to be here for review at this time. In this respect we think it lacks one very essential element, viz., an offer of restitution or to place the defendant in *statu quo.*

"In nearly all jurisdictions a bill is demurrable in which complainant does not offer to return any consideration which it shows that he has received, or otherwise place defendant in *statu quo,* or sufficiently excuse himself from that duty." (9 C. J. 1241.)

"The vendor or grantor seeking cancellation of a contract of sale or of a conveyance must, as a general rule, restore any cash payment which has been made, or property or property rights given in consideration of the sale or conveyance." (9 C. J. 1217.)

Except for one clause in the petition it would be fair under the general allegations to conclude that the defendant had not paid anything, but the statement, "That the defendant failed to complete the cash payment of $1,500," necessarily admits he had paid a part

of that sum. The petition is not complete as one for rescission without an offer of restitution of the amount paid or an allegation of excuse for retaining it, as was probably in the mind of the pleader when he referred to the defendant receiving the benefits of the crops; but this was in no way connected with the cash admittedly received.

"A party seeking to set aside a contract or conveyance as fraudulent and void, must return or offer to return all that he has received as consideration for such contract or conveyance." (*Jeffers v. Forbes*, 28 Kan. 174, syl. ¶ 3.)

"One asking to rescind a contract based upon sufficient consideration and wholly executed, for fraud, must restore or offer to restore to the other party the money or thing received under the contract, and so far as practicable place him in the position he was in at the time of the execution of the contract." (*Dutton v. Dutton*, 113 Kan. 146, syl. ¶ 1, 213 Pac. 326.)

"The rescission of a contract must be made by a restoration to each of the parties thereto of that which has been received under it." (*Constant v. Lehman*, 52 Kan. 227, syl. ¶ 1, 34 Pac. 745. See, also, *Gribben, Guardian, v. Maxwell*, 34 Kan. 8, 7 Pac. 584; *Bell v. Keepers*, 39 Kan. 105, 17 Pac. 785; *Basye v. Refining Co.*, 79 Kan. 755, 101 Pac. 658; *Kliesen v. Mercantile Association*, 101 Kan. 138, 165 Pac. 650; *Harnden v. Hadfield*, 113 Kan. 525, 215 Pac. 441.)

It is worthy of mention in this connection that the contract itself entirely failed to provide for a forfeiture of payment already made or outline any procedure in case of breach of contract, so that the plaintiff received no help from the contract to justify him in omitting this necessary allegation from his petition. The demurrer to the petition should have been sustained.

The judgment is reversed and the cause remanded, with instructions to sustain the demurrer to the petition.