Edmond R. GLENN and William Burman, Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Appellee.

No. 7727.

United States Court of Appeals Tenth Circuit.

Jan. 11, 1965.

Rehearing Denied March 2, 1965.

Ernest J. Rice, Topeka, Kan. (L. M. Ascough, John A. Bausch, J. H. Eschmann, Harold E. Doherty and James E. Benfer, Topeka, Kan., with him on the brief), for appellants.

Charles S. Fisher, Jr., Topeka, Kan. (O. B. Eidson, Philip H. Lewis, James W.

Porter, Peter F. Caldwell, William G. Haynes, Roscoe E. Long, R. Austin Nothern and Brock R. Snyder, Topeka, Kan., with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN, and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellee-plaintiff, State Farm Mutual Automobile Insurance Company, brought a declaratory judgment action to determine its liability under an automobile policy issued by it to appellant Glenn. Previously appellant Burman had sued Glenn claiming substantial damages because of injuries sustained in an accident allegedly caused by the negligence of Glenn. Trial was to a jury which found that the insurer was not liable under the policy.

In his insurance application insured stated that he had never had any insurance cancelled, that his driver's license had not been revoked, and that he had not been in an accident within the preceding three years. These statements were false. Without knowledge of the falsity the insurer issued the policy in January, 1961. The accident occurred February 16, 1961. On March 21 an adjuster for the insurer settled the collision loss by paying about $1,600 to the insured and the company holding the mortgage on the insured's car. On April 18 the insurer cancelled the policy effective May 2 because the sheriff's report of the accident showed that the insured was intoxicated at the time of the accident and returned to insured $41.40 of the total amount of $57.40 which insured paid for the policy. The $16.00 retained by insurer was what it called a "membership fee." About May 16 the insurer discovered the falsity of the mentioned statements in the policy application and took a reservation of rights agreement from the insured. This action was then brought to obtain a judgment declaring that the insurer was not liable under the policy.

■ The insured says that the insurer by its actions and course of conduct is estopped to deny coverage under the policy. Reliance is had on the investigation of the accident, the payment of the collision loss, and the attempted cancellation of the policy. These acts all occurred before the insurer knew of the false statements in the policy application.

■ By this conduct the insurer did not waive any of its rights. The Kansas law is that a waiver occurs only "when a party, in full possession of the facts, relinquishes a known right." [1] Here nothing shows that the insurer knew, or by the exercise of reasonable diligence could have known, of the false statements when it took the actions mentioned.

■■ Kansas has held that the elements of estoppel are a false representation or concealment of material facts with knowledge of such facts and intent to secure reliance. The party claiming the estoppel must have been without knowledge of the real facts and must have acted on the representation or concealment to his prejudice.[2] In the instant case the insurer did not know the facts and the insured did know. Although estoppel is not consensual in character, it is recognized to defeat the inequitable intent of the party estopped and applies when the party relying on the conduct sustains thereby a change of position to his detriment.[3] The record before us discloses no detrimental change of position by the insured because of the mentioned actions of the insurer.

■■ We see no significance in the failure of the insurer to file with the Kansas Motor Vehicle Department a form relating to insurance coverage. The

1. Marett v. World Fire & Marine Ins. Co., 160 Kan. 125, 160 P.2d 664, 672.

2. Pelischek v. Voshell, 181 Kan. 712, 313 P.2d 1105, 1109.

3. Flott v. Wenger Mixer Mfg. Co., 189 Kan. 80, 367 P.2d 44, 51. See also State Farm Mut. Auto. Ins. Co. v. Petsch, 10 Cir., 261 F.2d 331, 334–335.

pertinent statute [4] has to do with the financial responsibility of persons having traffic accidents. Nothing in the statute makes noncompliance by an insurer a ground for imposing liability on it. The statute was not designed to protect persons who obtain insurance by false applications.

In our opinion the reservation of rights agreement which the insurer took from the insured has no bearing on the question of estoppel. Reliance on Henry v. Johnson, 191 Kan. 369, 381 P.2d 538, is misplaced. In that case the court pointed out that the agreement "purports to restore to the insured any rights he may have under the policy." [5] No such language is found in the agreement with which we are concerned. Also in the Johnson case the insurer, with knowledge of the facts upon which it relied to sustain nonliability, investigated the accident and, both before and after the execution of the reservation of rights agreement, actively participated in the defense of legal proceedings arising from the accident. In the case at bar the insurer, after discovering the grounds asserted to defeat liability, took no action other than the institution of this declaratory judgment action.

Finally it is urged that the insurer may not deny liability for misrepresentation in a policy application without returning the premium paid. When the insurer gave notice of cancellation it returned the amount paid by the insured except for the $16.00 which it claims as a membership fee. We are not impressed with the argument that the membership fee is not a part of the premium. A person may not obtain the insurance without paying the membership fee. In practical and legal effect it is part of the premium.[6] The instant case must be considered on the basis of the retention of part of the premium by the insurer.

All parties agree that the specific point with which we are concerned has not been decided in Kansas. The insured says that Kansas has held generally that to maintain rescission a party must return, or offer to return, the consideration received.[7] Insurer relies on holdings in other jurisdictions that a retention of premium, or a part thereof, does not bar a suit to rescind an insurance contract.[8]

The instructions of the court to the jury do not resolve the dispute. The court instructed in substance that failure of the insurer "to tender all the premium paid it by Glenn, * * * would be inconsistent with an intention to avoid the policy." The court went on to say that if the insurer "retained a portion of the unearned premium" with knowledge of the facts on which it relies to rescind, "such retention of the portion of the premium by the insurance company for the period from January 21, to May 2, 1961, would amount to waiver and estoppel * * *."[9]

4. G.S.Kan.1949, § 8–706(c) as amended by G.S.Kan.1961 Supp. § 8–729(c).

5. 381 P.2d 538, 545.

6. See Duel v. State Farm Mut. Auto. Ins. Co., 240 Wis. 161, 1 N.W.2d 887, 892–893, rehearing denied 2 N.W.2d 871; and State Farm Mut. Auto. Ins. Co. v. Louisiana Ins. Rating Comm. (La.App.) 79 So.2d 888, 894.

7. See Dutton v. Dutton, 113 Kan. 146, 213 P. 326, 327; and Erdley v. Dixon, 127 Kan. 142, 272 P. 154.

8. See Commercial Standard Ins. Co. v. Robertson, 6 Cir., 159 F.2d 405, 408; 16 Appleman, Insurance Law and Practice, § 9303, p. 906.

9. The instruction was: "You are instructed that it is the law that a party who seeks to rescind an insurance contract which has been wholly executed on the ground of fraud must restore the other party to the contract the money or thing received under the contract and so far as practical place him in the position he was in at the time of the execution of the contract, and a party cannot affirm a contract or repudiate it in part nor hold some of its benefits or at the same time evade its disadvantages. The failure on the part of the plaintiff, State Farm Mutual, to tender all the premium paid it by Glenn, while at the same time pleading avoidance of liability on the policy of insurance would be inconsistent

This is an action for rescission—not for cancellation. The insurer is either required or not required to return, or offer to return, all the premium paid. The question of earned premium is irrelevant because if the insurer has the right to rescind no premium was, or could have been, earned. The instruction must have confused the jury. The record indisputably shows retention by the insurer of $16.00 out of the total premium paid. Under the first part of the mentioned instruction failure to tender all the premium paid is "inconsistent with an intention to avoid the policy." Yet the jury found for the insurer. The verdict can be rationalized only on the theory that the jury gave controlling weight to the second part of the instruction, which referred to the retention of "a portion of the unearned premium," and considered the $16.00 to be earned premium.

No evidence was offered to prove that the $16.00 was earned premium. Indeed the insurer contends that because it has paid about $1,600 under a policy which was obtained by false statements, equity does not require it to repay the $16.00. This contention is consistent with the return of the $41.40 at the time of notice of cancellation because then the insurer did not know of the false statements. Although retention of earned premium may be consistent with cancellation after the lapse of part of the policy term, such retention is inconsistent with rescission. If the insurer is entitled to rescind, no premium was earned.

The trial court did not unequivocally decide the right to rescind without the return of the entire premium. Neither did it decide whether the equities required the return of the entire premium. Because we accept a trial court's determination of local law [10] unless we believe it to be clearly wrong,[11] these issues should be determined in the first instance by the trial court.

Reversed and remanded for a new trial.

with an intention to avoid the policy. So if you find from the evidence that State Farm Mutual retained a portion of the unearned premium paid to it for this insurance contract, with knowledge of the facts on which it is attempting to obtain relief of avoidance and liability, then such retention of the portion of the premium by the insurance company for the period from January 21, 1961, to May 2, 1961 would amount to a waiver and es-

toppel, and you should determine, if you so find, that the insurance policy was in full force and effect on February 16, 1961.

10. Criqui v. Blaw-Knox Corp., 10 Cir., 318 F.2d 811, 812–813; Dallison v. Sears, Roebuck and Co., 10 Cir., 313 F.2d 343, 347.

11. Estate of Darby v. Wiseman, 10 Cir., 323 F.2d 792–796.