UNITED STATES of America,
Plaintiff,

v.

1,972.27 ACRES OF LAND, MORE OR
LESS, Situate IN TEXAS COUNTY,
STATE OF OKLAHOMA, and D. D.
Fast and Elizabeth Fast, his wife, De-
fendants.

UNITED STATES of America,
Plaintiff,

v.

553.56 ACRES OF LAND, MORE OR
LESS, Situate IN TEXAS COUNTY,
STATE OF OKLAHOMA, and Prentis
S. Beasley, et ux., Defendants.

Civ. Nos. 68–314, 68–316.

United States District Court
W. D. Oklahoma.

April 18, 1969.

Ronald Howland, Oklahoma City, Okl.,
for the United States.

Stuart H. Russell, Oklahoma City, Okl.,
for defendants.

Harvey H. Cody, Jr., N. A. Gibson,
R. R. Williamson, Jr., Oklahoma City,
Okl., for Commissioners of Land Office,
in Civ. No. 68–314.

ORDER

DAUGHERTY, District Judge.

The above captioned cases were con-
solidated by agreement only for hearing
the Objections of Defendants to the need
for the taking herein by the Plaintiff
under condemnation.

The Defendants' Objections are made
to the taking as being an abuse of dis-
cretion and allege that the land or parts
thereof was taken arbitrarily, capricious-
ly and without just cause. The project
for which the land is condemned is the
construction of Optima Dam. The Court
finds this project to involve a public use.

The United States Supreme
Court has said that the judicial function
in condemnation cases is limited to a
determination of whether the use for
which private property is sought is, in
fact, a public use. If this question is
decided affirmatively, the judicial func-
tion has been exhausted. Shoemaker v.

United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170 (1893).[1]

■ The ruling of the Shoemaker case appears to have been enlarged upon by certain decisions of various United States Courts of Appeals. These rulings indicate that where bad faith, arbitrariness or abuse of discretion, on the condemnor's part exists, the necessity for the desired taking is a question for judicial determination. In Wilson v. United States, 350 F.2d 901 (Tenth Cir. 1965), our circuit said, "In the absence of bad faith, * * * if the use is a public one, the necessity for the desired property * * * is not a question for judicial determination." Also see United States v. Threlkeld, 72 F.2d 464 (Tenth Cir. 1934).

■ The Plaintiff in condemning land for the Optima Dam established the flood control pool at elevation 2779.0 feet. The purchase boundary was established at elevation 2796.0 feet. This was the spillway height. In utilizing these determinations in the actual taking the Plaintiff followed a procedure of blocking out along ownership boundaries and/or minor sectional subdivision lines. This was done in accordance with sound real estate practices. This procedure is authorized. Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27; Wilson v. United States, supra; 43 C.F.R. 8.4. Under this procedure a taking may follow established boundary lines rather than contour lines. The Defendants' Objection to this manner of taking herein is without merit. Defendants also complain about certain interests in the land being taken for wildlife purposes. This is a proper taking for a public purpose. 43 C.F.R. 8.3, 16 U.S.C. § 661 et seq.

The Court finds no bad faith, arbitrariness or abuse of discretion on the Government's part in the taking of the property of Defendants.

The Defendants' Objections to the Government's taking are, therefore, denied.

---

1. This case provides:

"While the courts have power to determine whether the use for which private property is authorized by the legislature to be taken is in fact a public use, yet, if this question is decided in the affirmative, the judicial function is exhausted; that the extent to which such property shall be taken for such use rests wholly in the legislative discretion, subject only to the restraint that just compensation must be made."