The **PRUDENTIAL INSURANCE COMPANY OF AMERICA**, a corporation, Plaintiff,

v.

**W. C. BONNEY and Kara Lee Bonney, husband and wife, and Wilma G. Bonney, Defendants.**

Civ. No. 67–313.

United States District Court
W. D. Oklahoma.

May 15, 1969.

See also D. C., 299 F.Supp. 790.

———◆———

Fred W. Dunlevy, Ben Burdick, Oklahoma City, Okl., for plaintiff.

Lee B. Thompson, John H. Cantrell, E. W. Keller, Hali J. Wells, Oklahoma City, Okl., for Wilma C. Bonney.

Fuller, Davis, Henderson & Tubb, Oklahoma City, Okl., for W. C. and Kara Lee Bonney.

Rex Travis, Oklahoma City, Okl., for Kara Lee Bonney.

## ORDER

DAUGHERTY, District Judge.

Defendant Wilma G. Bonney has timely demanded a jury trial of her slander of title action filed herein against Plaintiff in the form of a counterclaim.[1] It is Wilma G. Bonney's position that her counterclaim, being an action cognizable at law, should be tried before a jury and before the trial of the Plaintiff's foreclosure action, which is a proceeding in equity. The leading cases in this area are Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), and Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). Explaining the effect of the *Beacon Theatres* case, the Supreme Court said in the *Dairy Queen* case:

> "The holding in Beacon Theatres was that where both legal and equitable issues are presented in a single case, 'only under the most imperative circumstances * * * can the right to a jury trial of legal issues be lost through prior determination of equitable claims.'" 369 U.S. at pp. 472–473, 82 S.Ct. at p. 897, 8 L.Ed.2d at p. 48.

The sole question presented here is whether trial of the Plaintiff's foreclosure action by the Court will operate in any way to deprive Wilma G. Bonney of her right to a trial of her slander of title action by a jury.

Plaintiff, in order to make effective its foreclosure, must rely on a doctrine of estoppel of Wilma G. Bonney to assert her record title, for the forged deed through which Plaintiff claims its rights as mortgagee is a nullity. Kline v. Mueller, 135 Okl. 123, 276 P. 200 (1929). The estoppel Plaintiff raises against Wilma G. Bonney, not being founded on any instrument but rather on her conduct, is equitable estoppel. That being so, it is clear that to try the foreclosure action first would operate to deprive Wilma G. Bonney of the right to a jury trial:

> "Equitable estoppel or estoppel by misrepresentation is the effect of the voluntary conduct of a person whereby he is precluded, *both at law and in equity*, from asserting rights against another person relying on such conduct * *." 31 C.J.S. Estoppel § 59, p. 367 (Emphasis added).

If Wilma G. Bonney is precluded from asserting ownership of the land by an adverse determination of the estoppel question, then there will be no jury determination of her slander of title action because one of the essential elements of that action is an ownership interest in the property. New England Oil & Pipe Line Co. v. Rogers, 154 Okl. 285, 7 P.2d 638 (1932). This situation falls clearly within the rule of the *Beacon Theatres* and *Dairy Queen* cases, supra.

As it appears that we have in this case a "blending" of equitable and legal claims, as discussed in *Beacon Theatres* and Scott v. Neely, 140 U.S. 106, 11 S.Ct. 712, 35 L.Ed. 358 (1890), the Court plans to submit the case in its entirety to a jury and the parties are so advised. Any equitable relief to which the Plaintiff is entitled on the basis of the jury decisions in the case can, of course, be thereafter given by the Court.

---

1. This is likely a compulsory counterclaim. Rule 13(a) F.R.Civ.P., 28 U.S.C.A.