UNITED STATES of America, Plaintiff,

v.

970.71 ACRES OF LAND, MORE OR LESS, SITUATE IN COTTON, COMANCHE, AND STEPHENS COUNTIES, STATE of OKLAHOMA, and Leeander P. Davis et al., Defendants.

No. CIV–76–0660–D.

United States District Court, W. D. Oklahoma.

July 25, 1978.

David L. Russell, U. S. Atty. by John E. Green, First Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

C. E. Wade, Jr., Chairman, Emmett McKee, Ross E. White, Lawton, Okl., Federal Condemnation Comm., for the United States.

Paul E. DeGraffenreid, Oklahoma City, Okl., for Commission of the Land Office St. of Oklahoma.

Anthony J. Kwiatkowski, Oklahoma City, Okl., Melvin R. Singleterry, Dist. Atty., Duncan, Okl., for County Tres. Stephens Co.

Hattie Davis, pro se.

Mrs. Avert Thomas, pro se.

Frank D. Bracken, pro se.

John H. Scaggs, Walters, Okl., for Aaron and Dennis Mitchell.

Lampkin, Wolfe, McCaffrey & Norman, John W. Norman, for defendants E. B. and Lela Johns, Leeander P. and Lillie Davis, Wayne Burnaugh, David Lynn and Danny Lee Cox and Wm. F. Mooney, Jr.

## ORDER

DAUGHERTY, Chief Judge.

Defendants E. B. and Lela Johns as the owners of Tract 717 and Defendant Wayne Edwin Burnaugh as the owner of Tract 722 have each objected at a hearing conducted herein to the taking of a part of their said tracts by the Plaintiff, the United States of America. The tract of Defendants Johns consists of 320 acres and the tract of Defendant Burnaugh consists of 160 acres.

Defendants Johns do not object to the taking of all of their 320 acre tract but object to the taking of seven acres thereof on the north edge of said tract on which is located a farm home and farm buildings. Defendants Johns do not live in this home on a full-time basis but reside and vote in Duncan, Oklahoma. Defendant Burnaugh does not object to the taking of all of his 160 acre tract but objects to the taking of one acre thereof on the northeast corner of said tract. There are no improvements on this one acre tract.

Each Defendant claims that the taking of said seven acres and said one acre by the Government has been accomplished in bad faith and by reason thereof said taking should be disallowed by the Court. The Defendants also appear to claim that the Government is estopped from asserting that the seven acre tract and one acre tract are taken for a public use by reason of the fact that the Government has previously offered to allow the said landowners to retain the seven acre tract and one acre tract from the larger tracts. A hearing has been conducted by the Court on said objections by the landowners.

The United States Supreme Court has said that the judicial function in condemnation cases is limited to a determination of whether the use for which private property is sought is, in fact, a public use. If this question is decided affirmatively, the judicial function has been exhausted. *Shoemaker v. United States*, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170 (1893).[1]

---

1. This case provides:

"[W]hile the courts have power to determine whether the use for which private property is authorized by the legislature to be taken is in fact a public use, yet, if this question is decided in the affirmative, the judicial function is exhausted; that the extent to which such property shall be taken for such use rests wholly in the legislative discretion, subject only to the restraint that just compensation must be made." 147 U.S. at 298, 13 S.Ct. at 390, 37 L.Ed. at 184.

The ruling of the *Shoemaker* case appears to have been enlarged upon by certain decisions of various United States Courts of Appeals. These rulings indicate that where bad faith, arbitrariness or abuse of discretion, on the condemnor's part exists, the necessity for the desired taking is a question for judicial determination. In *Wilson v. United States*, 350 F.2d 901 (Tenth Cir. 1965), our Circuit said, "In the absence of bad faith, . . . if the use is a public one, the necessity for the desired property . . . is not a question for judicial determination." 350 F.2d at 907 (footnote omitted). *United States v. 1,972.27 Acres of Land*, 297 F.Supp. 1137 (W.D. Okl.1969); *see also, United States v. Threlkeld*, 72 F.2d 464 (Tenth Cir. 1934), *cert. denied*, 293 U.S. 620, 55 S.Ct. 215, 79 L.Ed. 708 (1934).

The takings herein are in connection with the Waurika Reservoir Project. It is unquestioned and the Court finds that this project involves a public use and the lands in the above mentioned tracts are condemned for use in connection with such public project. Hence, the question before the Court is bad faith and perhaps arbitrariness or abuse of discretion on the part of the Government in the taking of all of the two tracts above described.

 As to Tract 717 Defendant E. B. Johns has testified herein that he desires to keep the seven acre tract and so advised Government agents who were negotiating the purchase of said tract. His reason for desiring to keep said seven acre tract is that said tract contains a home and other improvements. This Defendant has failed to show any act of bad faith on the part of the Government in taking the entire 320 acre tract. Practically all of said 320 acre tract is within the same elevation level as the spillway. This is to say that should the level of the lake rise to the spillway level practically all of this landowner's tract of land will be submerged with water. Though the frequency of such a lake level is not anticipated to occur very often the Government is taking against this contingency. In this respect the Government has taken the entire tract though a very small part of the north end (which contains the home and farm buildings within the said seven acres) does not fall within the contour lines which is the same as the spillway level. However, in determining the taking to be accomplished herein the Plaintiff acted in accordance with sound real estate practices by following the customary procedure of blocking out along ownership boundaries and/or sectional subdivision lines. This procedure is authorized. *Wilson v. United States, supra; United States v. 1,972.27 Acres of Land, supra* ; 43 C.F.R. § 8.4; *see Berman v. Parker*, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954). Under this procedure a taking may follow established boundary lines rather than pertinent contour lines. Moreover, taking more than is shown to be needed is no defense to a taking. *Wilson v. United States, supra; United States ex rel. Tennessee Valley Authority v. Welch*, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843 (1946). The Court finds no bad faith, arbitrariness or abuse of discretion on the Government's part in the taking of the entire 320 acre tract of Defendants Johns. The fact that these landowners would like to keep the said seven acre tract, which is not agreeable to the Government as shown by the declaration of taking herein, does not demonstrate bad faith, arbitrariness or an abuse of discretion on the part of the Government.

As to Tract 722 Defendant Burnaugh testified that federal agents attempting to negotiate the purchase of his property approached him several times regarding his 160 acre tract. In these discussions he requested that one acre in the northeast corner not be taken as he would like to keep the same for a cabin or hunting base. Following this request Government agents did send to this Defendant a document which is entitled an offer to sell which contains a land description of 159 acres eliminating the desired one acre and fixing a price for the 159 acres at $113,000.00. This Defendant testified that later he received a telephone call from Government negotiators in which they raised the $113,000.00 figure to $115,-000.00. Neither figure was acceptable to this landowner and he did not execute the document. The Government and this land-

owner have been unable to agree on the acquisition of this tract or any part thereof by purchase. By the declaration of taking herein the Government has determined to take the entire 160 acre tract. In his Brief in support of his objections to taking, Defendant Burnaugh contends that as the Government offered to let him retain the one acre in question, the Government is "estopped from asserting that this land is to be used for a public use 'in connection with' the public taking" and the Government's decision to condemn this acre was arbitrary, capricious, malevolent and in bad faith.

The Government is immune from estoppel only in the case of illegal or unauthorized acts of its agents. *Federal Crop Insurance Corp. v. Merrill*, 322 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *United States v. San Francisco*, 310 U.S. 16, 60 S.Ct. 749, 84 L.Ed. 1050 (1940); *Utah Power & Light Co. v. United States*, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791 (1917); *Atlantic Richfield Co. v. Hickel*, 432 F.2d 587 (Tenth Cir. 1970); *United States v. Eaton Shale Co.*, 433 F.Supp. 1256 (D. Colo.1977). The doctrine of estoppel is applied to promote justice and fair dealing when by words or conduct of one party, another has been induced to rely upon the same to his injury. *Western Contracting Corp. v. Sooner Construction Co.*, 256 F.Supp. 163 (W.D. Okl.1966); *see United Services Automobile Association v. Royal-Globe Insurance Co.*, 511 F.2d 1094 (Tenth Cir. 1975); *Hillyer v. Pan American Petroleum Corp.*, 348 F.2d 613 (Tenth Cir. 1965); *Glenn v. State Farm Mutual Automobile Insurance Co.*, 341 F.2d 5 (Tenth Cir. 1965); *Marshak v. Blyth Eastman Dillon & Co., Inc.*, 413 F.Supp. 377 (N.D. Okl.1975); *Prudential Insurance Co. of America v. Bonney*, 299 F.Supp. 794 (W.D. Okl.1969); *Agee v. Travelers Indemnity Co.*, 264 F.Supp. 322 (W.D. Okl.1967), *aff'd*, 396 F.2d 57 (Tenth Cir. 1968).

In the instant case, there is no evidence that the Government negotiators were acting either illegally or without authorization when they offered to purchase 159 of the 160 acres owned by Defendant Burnaugh for $113,000.00 on one occasion and $115,000.00 on another. However, neither of these offers was accepted by said Defendant and there is nothing before the Court to indicate that these offers and Defendant Burnaugh's apparent belief resulting therefrom that the Government did not desire the one acre in question were relied on by said Defendant to his injury or detriment. Furthermore, the Court finds no bad faith, arbitrariness or an abuse of discretion on the Government's part in the taking of the entire property of Defendant Burnaugh. As in Tract 717 the Government is entitled to take along boundary or section lines and this is the taking desired herein by the Government as shown by the declaration of taking herein. The evidence also reveals that practically all of this tract except possibly the extreme northeast corner and perhaps the extreme southwest corner falls within the contour line which is the same as that at the spillway level and the same findings above made with reference to Tract 717 would apply to Tract 722.

In view of the foregoing the objections of Defendants Johns and Defendant Burnaugh to the Government's taking in this case are each denied and overruled by the Court.

It is so ordered this 25 day of July, 1978.